**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTINA M. BRUNER, | ) | CASE NO. 1:20-cv-01685 |
| Plaintiff, | ) ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) ) | |

Plaintiff Christina M. Bruner filed her Complaint (R. 1) on July 30, 2020, challenging the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits and Medicare Qualified Government employee benefits. Pursuant to Local Rule 72.2, the case was referred to a magistrate judge. Magistrate Judge Knapp issued her Report and Recommendation (R&R) on November 10, 2021, recommending the Court affirm the Commissioner's decision. (R. 20). Plaintiff filed an objection to the R&R within the fourteen-day deadline, and the Commissioner filed a response. (R. 21; R. 22).

For the reasons set forth below, Plaintiff's objection (R. 21) is OVERRULED and the R&R (R. 20) is ADOPTED.

**I. Standard of Review**

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). However, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of*

*Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object" (citation omitted)).

The Commissioner's conclusions must be affirmed absent a determination that the administrative law judge's (ALJ) decision failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). A decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "The substantial-evidence standard . . . presupposes that there is a *zone of choice* within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (emphasis added).

## II. Analysis

### A. Background

Plaintiff's Brief on the Merits set forth the following assignments of error: the ALJ failed to (i) "discuss, to any degree, Ms. Bruner's cardiac and breathing impairments within his analysis of Dr. [Amanda] Kovolyan's opinion" on Plaintiff's functional limitations; (ii) "make clear to subsequent reviewers the weight he gave Dr. Kovolyan's opinion and the reason for that

weight"; and (iii) make "reference to Dr. Kovolyan's notation of Ms. Bruner's deconditioning contributing to her lack of positional tolerance." (R. 17, PageID# 1111).

**B. Objections**

Plaintiff's sole objection to the R&R is that the Magistrate Judge's reasoning was flawed when she evaluated the ALJ's assessment of Dr. Kovolyan's medical opinion. (R. 21, PageID# 1163). Ultimately, Plaintiff simply disagrees with the Magistrate Judge's determination that the ALJ properly assessed Dr. Kovolyan's opinion. (*Id.*).

Plaintiff specifically argues that the ALJ's evaluation of Dr. Kovolyan's opinion was insufficient with respect to Plaintiff's standing and walking limitations. (*Id.*). As part of his assessment of Plaintiff's residual functional capacity, the ALJ wrote a single-spaced paragraph—spanning nearly a full page in length—analyzing Dr. Kovolyan's medical opinion.[1] (R. 13, PageID# 107–108). The ALJ considered, *inter alia*, Plaintiff's lifting and carrying limitations; sitting, standing, and walking limitations; manipulative limits; postural limits, environmental limits; and mental limitations. (*Id.*). After discussing each of these limitations, the ALJ concluded that he would afford Dr. Kovolyan's opinion "no more than partial weight." (*Id.*, PageID# 108).

The R&R addressed each of Plaintiff's assignments of error and determined that none constituted reversible error. The Magistrate Judge first found that a "plain reading of the text" makes clear that the ALJ assigned "partial weight" to Dr. Kovolyan's opinion. (R. 20, PageID# 1155). Next, the Magistrate Judge pointed to specific sentences from the ALJ's decision to demonstrate that the ALJ did in fact consider Plaintiff's

---

[1] In addition to correctly referring to the provider as Dr. Kovolyan, the ALJ's decision mistyped her last name as Kovolyn and Lovolyan. (R. 13, PageID# 107).

3

cardiac and breathing impairments when evaluating Dr. Kovolyan's opinion. (*Id.*, PageID# 1156–1158). Finally, the Magistrate Judge determined that "[w]hile the ALJ did not specifically discuss the reference to deconditioning, a review of the decision as a whole reflects that he did explicitly consider evidence of record relevant to deconditioning, including Ms. Bruner's periodic reports of shortness of breath, wheezing, or dyspnea on exertion." (*Id.*, PageID# 1160).

The heart of Plaintiff's objection to the R&R contends that the Magistrate Judge erred by finding that the ALJ properly assessed Dr. Kovolyan's opinion—thereby rejecting Plaintiff's contention that the ALJ committed reversible error by failing to consider Plaintiff's cardiac and breathing impairments when analyzing Plaintiff's standing and walking limitations. (R. 21, PageID# 1163). Although acknowledging that the ALJ considered those impairments elsewhere in his evaluation of Dr. Kovolyan's opinion, Plaintiff contends that is not sufficient. (*Id.*).

Plaintiff cites no legal authority to support her argument, and the Court holds that the ALJ properly considered Plaintiff's cardiac and breathing impairments when evaluating Dr. Kovolyan's opinion. As the Magistrate Judge pointed out, it is clear that the ALJ discussed Plaintiff's cardiac and breathing impairments throughout the ALJ's decision and during his extensive analysis of Dr. Kovolyan's opinion. (R. 20, PageID# 1156–1158; R. 13, PageID# 107–108). The ALJ's consideration of the pertinent records, Dr. Kovolyan's opinion, and Plaintiff's limitations demonstrates substantial evidence supporting the ALJ's decision to assign "partial weight" to Dr. Kovolyan's overall opinion. In addition, a reviewing court reads an ALJ's decision as a whole and the ALJ is not required to "reproduce the list of . . . treatment records" multiple times when

4

"explain[ing] why [a treating source's] opinion was inconsistent with [the] record." *Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 457 (6th Cir. 2016); *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006) (finding no need to require the ALJ to "spell out every fact a second time"). Simply put, the ALJ did not need to re-identify Plaintiff's cardiac and breathing impairments when specifically considering Plaintiff's standing and walking limitations because the ALJ had already considered those impairments (two sentences earlier in the decision) when assessing related portions of Dr. Kovolyan's opinion. (R. 13, PageID# 107).

### III. Conclusion

The Court has carefully reviewed the Report and Recommendation, according to the above-referenced standard, and agrees with the findings set forth therein. In addition, the Court has considered and overruled Plaintiff's objection, for the foregoing reasons. Therefore, the Magistrate Judge's Report and Recommendation (R. 20) is hereby ADOPTED, and the Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: September 16, 2022